Danielle H. Moore (SBN 232480)
  E-Mail: dmoore@fisherphillips.com
Bret Martin (SBN 304658)
  E-Mail: bmartin@fisherphillips.com
Dennis P. Gallagher, II (SBN 301453)
  E-Mail: dgallagher@fisherphillips.com
Augusta L. McCain (SBN 358182)
  E-Mail: amccain@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
MICROSOFT CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATANYA PLUMMER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 5:26-cv-00273<br><br>*Judicial Assignment to be determined*<br><br>[*Removed from Riverside County Superior Court, Case No. CVRI2506929*]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint Filed: December 10, 2025<br>Trial Date:        None Set |

# TABLE OF CONTENTS

I.  BACKGROUND, PROCESS, PLEADINGS, AND ORDERS ............................1

II.  STATEMENT OF JURISDICTION AND GROUNDS FOR REMOVAL ...........2

   A.  Diversity of Citizenship Exists ...................................................................3

  i.  Plaintiff Is a Citizen of California...............................................................3

  ii.  Defendant Microsoft Corporation Is a Citizen of Washington.........................3

  iii.  No Joined and Served Defendant Lacks Diversity .............................................4

   B.  The Amount in Controversy Exceeds $75,000.....................................................5

III.  TIMELINESS OF REMOVAL ...........................................................................11

IV.  VENUE .................................................................................................................11

V.  SERVICE ON THE STATE COURT ..................................................................11

VI.  NO ADMISSION..................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aguilar v. McKesson Corp.*,
   2016 U.S. Dist. LEXIS 61342 (E.D. Cal. May 6, 2016) .................................................. 4

*Cain v. Hartford Life & Acc. Ins. Co.*,
   890 F.Supp.2d 1246 (C.D. Cal. 2012) .................................................. 9

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d 413 (9th Cir. 2018) .................................................. 6

*Dart Cherokee Basin Operating Co. v. Owens*,
   135 S. Ct. 547 (2014) .................................................. 5

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) .................................................. 6

*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2001) .................................................. 8

*Gilbert v. David*,
   235 U.S. 561 (1915) .................................................. 3

*Harding* v. *U.S. Figure Skating Ass'n*,
   851 F. Supp. 1476 (D. Or. 1994) .................................................. 5

*James v. Childtime Childcare, Inc.*,
   No. S-06-2676, 2007 WL 1589543 (E.D. Cal., June 1, 2007) .................................................. 7

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) .................................................. 3

*Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*,
   199 F.Supp.2d 993 (C.D. Cal. 2002) .................................................. 6

*Kroske v. U.S. Bank Corp.*,
   432 F.3d 976 (9th Cir. 2005) .................................................. 6

*Lew v. Moss*,
   797 F.2d 747 (9th Cir. 1986) .................................................. 3

*Luckett v. Delta Airlines, Inc.*,
171 F.3d 295 (5th Cir. 1999) ....................................................................... 8

*Parker-Williams v. Charles Tini & Associates, Inc.*,
53 F.Supp.3d 149 (D.D.C. 2014).............................................................. 5, 10

*Plata v. Target Corp.*,
2016 WL 6237798 (C.D. Cal. Oct. 25, 2016) .............................................. 9

*Reese v. Daikin Comfort Techs. Distribution, Inc.*,
729 F. Supp. 3d 980 (C.D. Cal. 2024) ......................................................... 6

*Richmond v. Allstate Ins. Co.*,
897 F. Supp. 447 (S.D. Cal. 1995)........................................................ 5, 8, 9

*Rippee v. Boston Market Corp.*,
408 F. Supp. 2d 982 (S.D. Cal. 2005)......................................................... 6

*Rivera v. Costco Wholesale Corp.*,
2008 U.S. Dist. LEXIS 58610 (N.D. Cal. July 11, 2008) ............................ 9

*Rodriguez v. AT&T Mobility Servs. LLC*,
728 F.3d 975 (9th Cir. 2013) ....................................................................... 5

*Sanchez* v. *Monumental Life Ins. Co.*,
95 F.3d 856 (9th Cir. 1996), amended (9th Cir. 1996) 102 F.3d 398 .......... 5

*Saulic v. Symantec Corp.*,
No. SA-CV-07-610-AHS, 2007 WL 5074883 (C.D. Cal. Dec. 26, 2007).... 5

*Simmons v. PCR Tech.*,
209 F.Supp.2d 1029 (N.D. Cal. 2002)....................................................... 6, 9

*Singer v. State Farm Mutual Auto. Ins. Co.*,
116 F.3d 373 (9th Cir. 1997) ....................................................................... 5

*Smith v. Simmons*,
2008 WL 744709 (E.D. Cal. 2008).............................................................. 3

*Spielman v. Genzyme Corp.*,
251 F.3d 1 (1st Cir. 2001).............................................................................. 5

*The Hertz Corp. v. Friend*,
130 S.Ct. 1181 (2010)................................................................................ 3, 4

ii                                    CASE NO. 5:26-CV-00273

TABLE OF AUTHORITIES

*Velez v. Roche*,
335 F. Supp. 2d 1022 (N.D. Cal. 2004) ................................................................ 8, 10

**California Cases**

*Commodore Home Sys., Inc. v. Super. Ct.*,
32 Cal.3d 211 (Cal. 1982) ........................................................................................ 7

*Drzewiecki v. H&R Block, Inc.*,
24 Cal. App. 3d 695 (1972) ...................................................................................... 7

*Flores v. Office Depot Inc.*,
BC556173, 2017 WL 773850 (Cal. Super. Feb. 6, 2017) ........................................ 8

*Gardenhire v. Hous. Auth. of Los Angeles*,
85 Cal. App. 4th 236 (2002) .................................................................................... 8

*Hagan v. Archdiocese of Los Angeles*,
BC146615, 2001 WL 803303 (Cal. Super. Ct. May 28, 2001) (Doc. 5-1,
Ex. 2, ) ..................................................................................................................... 9

*Ko v. The Square Grp.*,
JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. 2014) .................................... 9

*Landis v. Pinkertons, Inc.*,
122 Cal. App. 4th 985 (2004) ................................................................................ 10

*Rabaga-Alvarez v. Dart Indus., Inc.*,
55 Cal. App. 3d 91 (1976) ........................................................................................ 7

**Docket Filings**

*Vasquez v. Del Rio Sanitarium, Inc.*,
BC411724, 2010 WL 8741945 .................................................................................. 9

*Wrysinski v. Agilent Technologies, Inc.*,
SCV 13516, 2004 WL 5656536 .............................................................................. 10

**Federal Statutes**

28 U.S.C.

§ 84(c) ..................................................................................................... 11

§ 1332 ................................................................................................... 1, 5

§ 1332(a) .............................................................................................. 2, 4

§ 1332(a)(1) ........................................................................................... 11

§ 1332(c)(1) ............................................................................................. 3

§ 1391(a) ............................................................................................... 11

§ 1391(c)(1) ............................................................................................. 3

§ 1441(a) ..................................................................................... 1, 2, 4, 11

§ 1441(b)(1) ............................................................................................. 4

§ 1441(b)(2) ............................................................................................. 4

§ 1446 ...................................................................................................... 1

§ 1446(a) ............................................................................................. 1, 2

§ 1446(b) ............................................................................................... 11

§ 1446(b)(1) ........................................................................................... 11

§ 1446(c)(2) ............................................................................................. 5

§ 1446(d) ............................................................................................... 11

**California Statutes**

California Fair Employment and Housing Act ..................................... 1, 7, 9, 10

California Family Rights Act ....................................................................... 1

California Government Code

§ 12926, *et seq*. ................................................................................. 7

**Other Authorities**

Local Rule 11-6.1 ..................................................................................... 12

Local Rule 11-6.2 ..................................................................................... 12

CASE NO. 5:26-CV-00273

TABLE OF AUTHORITIES

**TO PLAINTIFF LATANYA PLUMMER, HER COUNSEL OF RECORD, AND THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Microsoft Corporation ("Microsoft" or "Defendant"), hereby removes the above-captioned action (the "Action") from the Superior Court of the State of California for the County of Riverside ("State Court") to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), 28 U.S.C. § 1446, and all other applicable bases for removal.  Microsoft hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) (emphasis added).

## I.    BACKGROUND, PROCESS, PLEADINGS, AND ORDERS

1.    On December 10, 2025, Plaintiff Latanya Plummer ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Riverside, captioned *LATANYA PLUMMER v. MICROSOFT CORPORATION and DOES 1 to 100, inclusive,* Case No. CVRI2506929. The Complaint purported to assert five causes of action against Defendant stemming from Plaintiff's employment, for: (1) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of the FEHA; (3) failure to prevent discrimination and harassment in violation of the FEHA; (4) failure to accommodate in violation of the FEHA; and (5) retaliation in violation of the California Family Rights Act ("CFRA"). *See* Declaration of Bret Martin, in Support of Defendant's Notice to Federal of Removal ("Martin Decl."), ¶ 3, Exhibit ("Ex.") A - Complaint.

2.    On December 10, 2025, a Summons was filed by Plaintiff and issued. Martin Decl., ¶ 4, Ex. B.

3.    On December 10, 2025, Plaintiff filed a Certificate of Counsel. Martin Decl. ¶ 5, Ex. C.

///

///

4.     On December 10, 2025, Plaintiff filed the Civil Case Cover Sheet with the State Court. The Civil Case Cover Sheet states that the amount of damages sought exceeds $35,000. Martin Decl., ¶ 6, Ex. D.

5.     On December 22, 2025, the Court assigned the matter to the Honorable O.G. Magno in Department 7 for all purposes. Martin Decl., ¶ 7, Ex. E.

6.     On December 22, 2025, the Court issued a Notice to Plaintiff, indicating a Case Management Conference has been set for June 22, 2026, at 8:30 a.m. in Department 7. Martin Decl., ¶ 8, Ex. F.

7.     On December 24, 2025, Defendant was served with the Summons and Complaint in the Action. *See* Declaration of Yana Rosenbloom, in Support of Defendant's Notice of Removal ("Rosenbloom Decl."), ¶ 8.

8.     Written notice of Defendant's Notice and Petition for Removal to the Central District of California will be served on Plaintiff through counsel of record, Kent | Pincin, LLP. Martin Decl., ¶ 11, Ex. G (exhibits omitted).

9.     A copy of this Notice of Removal and Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Riverside. Martin Decl., ¶ 12, Ex. H (exhibits omitted).

10.     On January 21, 2026, Defendant filed an Answer to Plaintiff's Complaint with the Clerk of the Court in the Superior Court for the State of California, County of Riverside. Martin Decl. ¶ 13, Ex. I.

11.     In compliance with 28 U.S.C. § 1446(a), the foregoing Exhibits A through I represent the entirety of all pleadings, process, and orders filed and to be filed in the Superior Court action. Martin Decl., ¶ 14.

## II.    STATEMENT OF JURISDICTION AND GROUNDS FOR REMOVAL

12.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because (i) Plaintiff and Defendant are citizens of different states, and (ii) the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Therefore, the action is removable pursuant to 28 U.S.C. § 1441(a).

## A. **Diversity of Citizenship Exists**

### i. *Plaintiff Is a Citizen of California*

13. Citizenship of a natural person is established by domicile. 28 U.S.C. § 1391(c)(1); *see also Gilbert v. David*, 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is established by physical presence and an intent to remain there indefinitely. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14. In her Complaint, Plaintiff asserts that she is a resident of the State of California. Martin Decl., ¶ 3, Ex. A – Complaint ¶ 8 ("At all times relevant hereto, Plaintiff was residing in the County of Riverside, State of California"). In addition, Plaintiff's employment records indicate that Plaintiff resided in Corona, California, at the time of her separation. Rosenbloom Decl., ¶ 6. Further, a TLO report on Plaintiff confirmed that Plaintiff has continued to reside and currently resides in California. Martin Decl., ¶ 15. Based on the foregoing, Defendant is informed that Plaintiff is still a citizen of the State of California and has no intent to leave California. *See Smith v. Simmons,* 2008 WL 744709 at *7 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

15. Thus, Plaintiff has been and is domiciled in the United States in the State of California and has been and is a citizen of the United States and the State of California as of the date of the filing of her Complaint, and at the time of this removal. Plaintiff is not a citizen of Washington.

### ii. *Defendant Microsoft Corporation Is a Citizen of Washington*

16. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). A ///

corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id.*[1]

17. Defendant is a Washington corporation, organized under the laws of the State of Washington, and was so organized as of December 10, 2025, the date the Complaint in this action was filed. Rosenbloom Decl., ¶ 3.

18. Defendant's principal place of business is currently, and was as of December 10, 2025, located in Redmond, Washington. Rosenbloom Decl., ¶ 4. Defendant's corporate headquarters are located at One Microsoft Way, Redmond, WA 98052, which is where its senior executives (including its officers, directors, corporate vice presidents, Executive Vice President Human Resources, and General Counsel) are based, where it exercises day-to-day control over its business, where all decisions relevant to Defendant's business activities in the United States are made, directed, controlled, and/or coordinated, and where it performs the vast majority of its executive and administrative functions. *Id.* All resolutions of Defendant's Board of Directors, including resolutions regarding critical corporate decisions, are signed and passed in Washington. *Id.* Accordingly, Defendant is a citizen of Washington, and not a citizen of California.

### iii. *No Joined and Served Defendant Lacks Diversity*

19. As of the date of this filing, no additional defendants have been properly joined and served. Martin Decl., ¶¶ 9-10; Rosenbloom Decl. ¶ 9. As the only defendant to the action, Microsoft has standing to file for removal. 28 U.S.C. § 1441(a). Additionally, Microsoft is diverse from Plaintiff. (*See above*, paras. 13-18.) Because no non-diverse defendants have been properly joined and served, no joined and served defendant is a citizen of the same forum state as Plaintiff. Therefore, removal is appropriate. *See* 28 U.S.C. § 1441(b)(2) ("[a] civil action otherwise removable solely on the basis of [diversity

---

[1] Doe defendants are disregarded when determining diversity jurisdiction for removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see Aguilar v. McKesson Corp.*, 2016 U.S. Dist. LEXIS 61342, at *5-6 (E.D. Cal. May 6, 2016) ("the citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction.").

jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

## B. The Amount in Controversy Exceeds $75,000

20.    Defendant need only show by a preponderance of the evidence - that it is more probable than not - that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez* v. *Monumental Life Ins. Co.,* 95 F.3d 856, 862 (9th Cir. 1996), amended (9th Cir. 1996) 102 F.3d 398, 404; *see also Harding* v. *U.S. Figure Skating Ass'n,* 851 F. Supp. 1476, 1480 (D. Or. 1994) ("remand is not proper unless it appears to a legal certainty that the amount in controversy is less than the jurisdictional amount"); *see also Spielman v. Genzyme Corp.,* 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). The amount in controversy in any case includes claims for general and special damages, penalties, attorney's fees, and punitive damages. *See, e.g.*, *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 449-450 (S.D. Cal. 1995); 28 U.S.C. § 1332.

21.    Where removal is based on diversity of citizenship and the initial pleading seeks a monetary judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS (PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014). A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

///

22. Defendant adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. *See, Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

23. In the instant case, Plaintiff alleges five causes of action seeking recovery of general damages, general non-economic damages, economic damages, special damages, consequential/incidental damages, attorneys' fees, costs of suit, prejudgment interest, and other further relief as deemed just and proper. Martin Decl., Ex. A – Complaint 12:4-12, Prayer. California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims. *See, e.g., Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (amount-in-controversy requirement satisfied in harassment, discrimination, and retaliation case through lost wages alone); *Reese v. Daikin Comfort Techs. Distribution, Inc.*, 729 F. Supp. 3d 980, 989 (C.D. Cal. 2024) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings and emotional distress damages); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, injunctive relief, and attorneys' fees).

24. Plaintiff alleges that, as a result of Defendants' conduct, she is entitled to economic damages. *See, e.g.*, Martin Decl., Ex. A – Complaint ¶ 12:5, Prayer. Under

California's FEHA, Cal. Gov't Code section 12926, *et seq.*, all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, and costs. *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 32 Cal.3d 211 (Cal. 1982). On or around February 18, 2020, Plaintiff began her employment with Microsoft as a Finance Manager earning an annual salary of $110,000. Rosenbloom Decl., ¶ 7. Before Plaintiff's separation from employment on or about November 1, 2023, she earned an annual base salary of $132,040. Rosenbloom Decl., ¶ 7. This amounts to approximately $11,003.34 average monthly base pay.

25. Plaintiff makes no allegation in her Complaint that she has found other work, let alone work that pays the same compensation that she previously received from Defendant. Thus, Plaintiff is seeking at least 25 months of lost wages from the time of her termination in November 2023 to the filing of the Complaint in December 2025, and this claim will continue to accrue during the pendency of this litigation. Therefore, assuming it takes approximately 12 more months before this matter is resolved by trial, and Plaintiff remains unemployed, Plaintiff will claim approximately 37 months of lost wages, or **$407,123.58** ($11,003.34 per month x 37 months), before interest, and not including annual bonus, stock awards, or benefits.

26. However, Plaintiff's claimed lost wage damages do not end there. Plaintiff may also seek "front pay" damages in the form of potential future lost wages beyond even the date of trial, to compensate Plaintiff for lost future expected earnings had the alleged unlawful termination not occurred. Front pay awards in California frequently span a number of years. *See Rabaga-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). If Plaintiff seeks front pay for only the two years after a final disposition, the amount of future wages in controversy in this case would total at least an additional **$264,080.00** ($132,040 per year for two years). *See James v. Childtime Childcare, Inc.*, No. S-06-2676, 2007 WL 1589543, *2 n.1 (E.D. Cal., June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

27. Thus, if this case is adjudicated in January of 2027, it may reasonably be estimated that Plaintiff's claims of back pay and front pay of base wages would total an estimated **$671,203.58**. This is a conservative estimate, as it does not include many alleged lost benefits (such as bonuses and stock awards), which adds to the jurisdictional amount. Rosenbloom Decl., ¶ 7.

28. Plaintiff also alleges emotional distress damages. Martin Decl., Ex. A – Complaint ¶¶ 32, 39, 44, 49, and 55. Plaintiff's potential recovery of such damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy). *See also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence. . . that the plaintiff suffered heightened mental anguish").

29. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in California employment cases have been awarded substantial sums for emotional distress damages that independently exceed the jurisdictional minimum of $75,000.[2] *See, e.g., Flores v. Office Depot Inc.*, BC556173, 2017 WL 773850 (Cal. Super. Feb. 6, 2017) (awarding $1.064 million in pain and suffering damages); *Gardenhire v. Hous. Auth. of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim). These claims further augment Plaintiff's damages for purposes of this removal. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v.*

---

[2] Defendant denies that Plaintiff has any legal basis for recovering emotional distress damages.

*Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold). Emotional distress damage awards in FEHA discrimination cases are often well in excess of $75,000, standing alone. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial" and moreover, that emotional distress damages "may be considered when calculating the amount in controversy even where not clearly pled in the complaint"); *Ko v. The Square Grp.,* JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. 2014) (awarding $125,000 for pain and suffering in a FEHA disability discrimination case).

30.     In order to establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous allegations. *See Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *10 (N.D. Cal. July 11, 2008) (*citing Simmons*, 209 F.Supp.2d at 1033); *see also Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d 1246, 1250 (C.D. Cal. 2012) ("Cain seeks to recover emotional distress from Hartford, which must be considered in this [amount in controversy] analysis."); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial."); *see also Plata v. Target Corp.,* 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses).

31.     Juries have frequently awarded more than $100,000 in emotional distress damages in other cases that similarly involved a defendant-employer allegedly terminating the plaintiff's employment. *See, e.g., Hagan v. Archdiocese of Los Angeles*, BC146615, 2001 WL 803303 (Cal. Super. Ct. May 28, 2001) (Doc. 5-1, Ex. 2, at 27-28) (plaintiff awarded $300,000 in emotional distress damages); *Vasquez v. Del Rio Sanitarium, Inc.*,

BC411724, 2010 WL 8741945, 2010 Jury Verdicts LEXIS 51699 (Cal. Super. Ct. Dec. 3, 2010) (Doc. 5-1, Ex. 3) (plaintiff awarded $125,000 in emotional distress damages for wrongful termination under FEHA); *Wrysinski v. Agilent Technologies, Inc.*, SCV 13516, 2004 WL 5656536, 2004 Jury Verdicts LEXIS 49775 (Cal. Super. Ct. June 17, 2004) (Doc. 5-1, Ex. 4, at 32–34) (plaintiff awarded $117,000 in emotional distress damages under FEHA); *Moore v. JMK Golf LLC*, CU-11-00162, 2013 Jury Verdicts LEXIS 9416 (Cal. Super. Ct. Sept. 16, 2013) (Doc. 5-1, Ex. 6, at 38–39); *Landis v. Pinkertons, Inc.,* 122 Cal. App. 4th 985, 988 (2004) ($275,000 award for emotional distress damages associated with a wrongful termination claim); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"). Accordingly, using a conservative estimate, Plaintiff's alleged emotional distress damages contribute at least **$100,000** to the amount in controversy.

32. Plaintiff also seeks to recover an unspecified amount in attorneys' fees related to all causes of action. *See*, Martin Decl., Ex. A – Complaint 12:9. In the language of the D.C. District Court, "[w]hen attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams, supra*, 53 F.Supp.3d at p. 153. As such, even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy [] could be lower than $75,000 when the [attorneys'] fees are factored in along with" other available damages. *Id*. Simply put, it is more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

33. In sum, although Defendant contends that Plaintiff's claims have no merit, when the relief sought by Plaintiff is taken as a whole via calculations relative to the broader claims, the amount in controversy for Plaintiff's claims significantly exceeds the $75,000 jurisdictional threshold, as follows:

| Calculations Pursuant to Claims | Amount |
|---|---|
| Backpay | $407,123.58 |
| Front Pay | $264,080.00 |
| Emotional Distress (based on recent verdicts and judgments) | $100,000.00 |
| Attorneys' Fees | $75,000.00 |
| *Total Amount in Controversy* | *$846,203.58* |

34. Thus, this Court has original subject matter jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## III. TIMELINESS OF REMOVAL

35. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within thirty days of Defendant's receipt of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."). Plaintiff served her Complaint on Defendant on December 24, 2025. Rosenbloom Decl. ¶ 8.

## IV. VENUE

36. The Action was filed in the Superior Court of the State of California for the County of Riverside. Defendant removes the Action to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391(a), and 1441(a).

## V. SERVICE ON THE STATE COURT

37. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff through counsel

///

of record, Kent | Pincin, LLP, and a copy of the Notice of Removal will be filed with the Clerk of the Riverside County Superior Court.

## VI.  NO ADMISSION

38.    By this filing, Defendant does not admit any liability, does not concede the accuracy of Plaintiff's allegations, and does not concede that Plaintiff is entitled to any of the relief sought in her Complaint, or any relief of any kind.

39.    WHEREFORE, the Action is hereby removed to this Court from the Superior Court of the State of California, County of Riverside.

### L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Microsoft Corporation, certifies that this brief contains 3,845 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 22, 2026                    **FISHER & PHILLIPS LLP**

By:_____
Danielle H. Moore
Bret Martin
Dennis P. Gallagher, II
Augusta L. McCain
Attorneys for Defendant
MICROSOFT CORPORATION

**CERTIFICATE OF SERVICE**
(CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On the below date, I served the following document(s) **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Michael J. Kent (SBN 298564)<br>Emily R. Pincin (SBN 334566)<br>Ashley E. Kim (SBN 339240)<br>**KENT \| PINCIN, LLP**<br>120 Fisherman's Wharf<br>Redondo Beach, California 90277 | Telephone:  (310) 474-4991<br>Email:    mjk@kentpincinlaw.com;<br>erp@kentpincinlaw.com;<br>aed@kentpincinlaw.com<br><br>*Attorneys for Plaintiff Latanya Plummer* |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine California, in a sealed envelope with postage fully prepaid.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on January 22, 2026, at San Diego, California.

| | | |
|---|---|---|
| Kelly Chavez<br>Print Name | By: | _Signature_ |