Electronically FILED by Superior Court of California, County of Riverside on 12/10/2025 10:40 AM
Case Number CVRI2506929 0000150692127 - Jason B. Galkin, Executive Officer/Clerk of the Court By Alexis Williams, Clerk

Michael J. Kent, Esq. (SBN 298564)
Emily R. Pincin, Esq. (SBN 334566)
Ashley E. Kim, Esq. (SBN 339240)
**KENT | PINCIN, LLP**
120 Fisherman's Wharf
Redondo Beach, CA 90277
Tel: (310) 474-4991
E-mail: mjk@kentpincinlaw.com
E-mail: erp@kentpincinlaw.com
E-mail: aed@kentpincinlaw.com

*Attorneys for Plaintiff*
LATANYA PLUMMER

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

LATANYA PLUMMER, an Individual,

Plaintiff,

v.

MICROSOFT CORPORATION, a Washington Corporation; and DOES 1 through 100, inclusive,

Defendants.

CASE NO.: CVRI2506929

[Unlimited Civil Case]

**COMPLAINT FOR DAMAGES**

1. Discrimination (Gov't C. §§ 12900, *et seq.*);
2. Retaliation (Gov't C. §§ 12900, *et seq.*);
3. Failure to Take Reasonable Steps to Prevent Discrimination and Retaliation (Gov't C. §§ 12900, *et seq.*);
4. Failure to Accommodate (Gov't C. §§ 12900, *et seq.*); and
5. CFRA Retaliation (Gov't C. §§ 12940, *et seq.*)

**DEMAND FOR JURY TRIAL**

**THE PARTIES**

1. Plaintiff LATANYA PLUMMER ("Plummer" or "Plaintiff") is an individual and competent adult who was employed by Defendant MICROSOFT CORPORATION and/or DOES 1 through 10, inclusive, and each of them, until her unlawful termination.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant MICROSOFT CORPORATION ("Defendant" or "Microsoft") is a Washington Corporation with its principal place of business in the State of Washington. At all times relevant hereto, Microsoft did and does substantial business in the State of California, including in the County of Riverside, and operates retail locations throughout the State of California.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendants DOES 1 through 100, inclusive, and each of them, at all times relevant hereto, were individuals or public, business, and/or other entities whose form is unknown committing torts in and/or engaged in purposeful economic activity within the County of Riverside, State of California.

4. The true names and capacities of Defendants DOES 1 through 100, and each of them, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff at this time, therefore Plaintiff sues said Defendants by such fictitious names. Plaintiff will file DOE amendments and/or seek leave of court to amend this complaint to assert the true names and capacities of these Defendants when they have been ascertained. Plaintiff is informed and believes, and upon such information and belief alleges, that each Defendant herein designated as a DOE was and is in some manner negligently, wrongfully, or otherwise responsible and liable to Plaintiff for the injuries and damages hereinafter alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

5. Plaintiff is informed and believes, and thereon alleges, that at all times material herein, Defendants, and each of them, were the agents, servants, or employees, or ostensible agents, servants, and employees of each other Defendant, and as such, were acting within the course and scope of said agency and employment or ostensible agency and employment, except on those occasions when Defendants were acting as principals, in which case, said Defendants, and each of them, were negligent in the selection, hiring, and use of the other Defendants.

6. At all times mentioned herein, each Defendant was the co-tortfeasor of each other Defendant in doing the things hereinafter alleged.

7. Plaintiff is further informed and believes, that at all times relevant hereto, Defendants, and each of them, acted in concert and in furtherance of the interests of each other Defendant. The conduct of each Defendant combined and cooperated with the conduct of each of the remaining Defendants so as to cause the herein described incidents and the resulting injuries and damages to Plaintiff.

## VENUE AND JURISDICTION

8. At all times relevant hereto, Plaintiff was residing in the County of Riverside, State of California.

9. At all times relevant hereto, Defendant Microsoft is and was a Washington corporation with its principal place of business in the State of Washington. At all times relevant hereto, Microsoft did and does substantial business in the State of California, including in the County of Riverside. Defendant did and does generate substantial profits in the State of California. Moreover, Microsoft employs hundreds (if not thousands) of individuals in the State of California, including throughout the County of Riverside.

10. Plaintiff is informed and believes, and based thereon alleges, that Defendants DOES 1 through 100, and each of them, were residents of and were doing business in the County of Riverside, State of California at all times relevant hereto.

11. This Court is the proper court because at least one Defendant now resides in its jurisdictional area and/or has sufficient minimum ties to the jurisdictional area, and the events and circumstances giving rise to this claim occurred in the jurisdictional area.

12. Plaintiff has complied with and/or exhausted any applicable claims statutes and/or administrative and/or internal remedies and/or grievance procedures, and/or is excused from complying therewith. Plaintiff filed a complaint with the California Civil Rights Department on 9, 2025, and she received a right to sue notice that same date.

///

///

## GENERAL ALLEGATIONS

13. Between approximately February 2020, and until her unlawful termination on or around October 31, 2023, Plaintiff was employed by Defendant Microsoft. At the time of her termination, Plaintiff was a Finance Manager.

14. Initially, Plaintiff was working for Defendant from Reno, Nevada. However, in or around April 2020, she relocated to Corona, California and was approved to continue her employment with Defendant via full-time remote work in the County of Riverside, State of California.

15. In or around May 2022, Plaintiff disclosed to her supervisor Delonia Walther that she was suffering from a disability for which she would likely eventually need to undergo surgery. Specifically, Plaintiff informed Walther that she was suffering from a physical disability that affected her reproductive system.

16. Toward the end of 2022, including in October-December 2022, Plaintiff began experiencing worsening symptoms associated with her disability, including pain and discomfort. These symptoms limited Plaintiff's ability to engage in one or more major life activities, including focusing, amongst other things. Plaintiff advised Walthers of her ongoing disability and symptoms associated therewith.

17. In or around December 2022, Plaintiff engaged in protected activity when she advised Walthers of her disability and need for an accommodation therefore. Specifically, Plaintiff advised Walthers that she would ultimately need to undergo a hysterectomy surgery to treat and care for her disability.

18. In response to Plaintiff's disclosure and notification that she would need a reasonable accommodation for her disability, Walthers coldly instructed Plaintiff to schedule her surgery during a less busy time period. Because Plaintiff was fearful that Walthers would retaliate against her for needing to take leave due to her disability, and/or because she was otherwise worried about how her disability would impact her employment status, Plaintiff postponed her surgery for a period of time.

19. In or around March or April 2023, when the pain of her disability became too severe, Plaintiff engaged in protected activity when she advised Defendant of her disability and requested a reasonable accommodation therefore. Specifically, Plaintiff advised Walthers that she was suffering from a disability that affected her reproductive system (amongst potentially others) and that she would need to undergo surgery on or around May 11, 2023 to treat and care for her disability.

17. Plaintiff engaged in further protected activity when she sought and took protected medical leave under the CFRA beginning on or around May 11, 2023 to undergo surgery and to otherwise treat and care for her disability.

18. Plaintiff's initial return to work date was July 10, 2023; however, Plaintiff's physician ultimately placed her off work through approximately July 25, 2023 so that she could continue treating and caring for her disability. As such, on or around July 5, 2023, Plaintiff engaged in further protected activity when she advised Defendant, including by and through Defendant's Senior Benefits Business Partner Mariela Tarner, that she would need additional medical leave through July 25, 2023.

19. During her CFRA leave, Walthers targeted Plaintiff because of her disability and leave status and/or otherwise discriminated and/or retaliated against her. Specifically, Walthers called Plaintiff on the phone on at least one occasion while she was on preapproved CFRA leave to pressure her about her return to work dates and to otherwise ask intrusive personal questions about Plaintiff's disability. For example, Walthers asked Plaintiff when her next appointment were, whether she planned on going to her future appointments, what her doctor was saying about her treatment, and when she would be returning to work.

20. Plaintiff engaged in further protected activity when she reported Walther's harassing and inappropriate phone call to Defendant's Human Resources department, including by and through Jelisa McCullough. However, in further discrimination and/or retaliation, no substantive action was taken against Walthers, nor was Plaintiff's complaint fully and adequately investigated so as to prevent against further misconduct.

21. Plaintiff returned to work on or around July 26, 2023.

22. Upon Plaintiff's return to work, she was subjected to further discrimination and/or retaliation. For example, upon her return, Plaintiff's supervisor, Walthers, was on an extended, multi-month vacation. This left Plaintiff with little supervisory support and also required her to seek assistance from other managers and supervisors in order to perform her job duties. Plaintiff was informed that she would need to seek assistance from another manager during this time frame; however, when Plaintiff sought assistance from that manager, they were not able to help Plaintiff. This effectively set Plaintiff up for failure and also isolated her.

23. Moreover, when Plaintiff returned to work, she and other colleagues in her region were undergoing certain internal training. Though Plaintiff's colleagues were assigned to receive training from U.S.-based trainers, Plaintiff was assigned to work with a trainer based in Asia, which effectively changed the terms and conditions of her employment by forcing her to work obscure hours given the time difference.

24. On or around October 30, 2023, in further discrimination and/or retaliation, Plaintiff was terminated, effective October 31, 2023, due to her alleged failure to meet standards.

25. Plaintiff's career has been materially and adversely affected, harmed, and damaged by the conduct of Defendant. Plaintiff has suffered both general and special damages. Plaintiff has also suffered losses in earnings and other employment benefits, as well as non-economic injury. Plaintiff's damages are continuing and in an amount not yet determined, but in excess of $35,000.

26. Defendant's conduct was a violation of Plaintiff's rights under both state and federal law, including but not limited to the Fair Employment and Housing Act (CAL. GOV'T C. §§ 12940, *et seq*. ("FEHA")). The wrongful conduct of Defendants, and each of them, is continuing and ongoing as of the present date.

**FIRST CAUSE OF ACTION**

**BY PLAINTIFF AGAINST ALL DEFENDANTS**

DISCRIMINATION IN VIOLATION OF FEHA (CAL. GOV'T C. §§ 12900, *ET SEQ.*)

27. Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

28. At all times herein mentioned, Government Code §§ 12900, *et seq*., including Government Code § 12940, was in full force and effect and was binding upon Defendants, and each of them.

29. At all times herein mentioned, Plaintiff was in the protected class of persons based on her disability and/or perceived disability and was an individual who engaged in protected activities contemplated by Government Code §§ 12940, *et seq*. Plaintiff is informed and believes that Defendants, and each of them, discriminated against her based on her disability and/or perceived disability and for generally attempting to protect and secure her rights and the rights of others under the FEHA.

30. Commencing before and during 2022, and continuing to the present, Defendants created and allowed to exist a discriminatory environment based on disability and/or perceived disability and discriminated against Plaintiff on the basis of her disability and/or perceived disability. Such discrimination was in violation of Government Code §§ 12940, *et seq*. and the public policy embodied therein.

31. At all times herein mentioned, Defendants, and each of them, had actual and/or constructive knowledge of the discriminatory conduct levied against Plaintiff by Defendants, fellow employees, and superiors. Moreover, such discriminatory conduct was also conducted and/or condoned by Defendants, and each of them.

32. As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct and failure to act, Plaintiff suffered emotional distress, general damages, losses in earnings, and other employment benefits all to her damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

33. As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

///

///

///

**SECOND CAUSE OF ACTION**

**BY PLAINTIFF AGAINST ALL DEFENDANTS**

RETALIATION IN VIOLATION OF FEHA (CAL. GOV'T C. §§ 12900, *ET SEQ.*)

34. Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

35. At all times herein mentioned, Government Code §§ 12900, *et seq*., including Government Code § 12940, was in full force and effect and were binding upon Defendants, and each of them. Said sections required Defendants, and each of them, to refrain from retaliating against an employee for her opposition to employment practices prohibited under the FEHA, as well as for requesting a reasonable accommodation.

36. At all times herein mentioned, Plaintiff was in the protected class of persons based on her disability and/or perceived disability, and is an individual who engaged in protected activities contemplated by Government Code §§ 12940, *et seq*. Plaintiff is informed and believes that Defendants, and each of them, retaliated against Plaintiff for requesting a reasonable accommodation, for seeking and/or taking protected leave, and for generally attempting to protect and secure her rights and the rights of others under the FEHA.

37. Commencing before and during 2022, and continuing to the present, Defendants created and allowed to exist a hostile environment based on disability and retaliated against Plaintiff on the basis of her protected activity, including for requesting a reasonable accommodation and for generally attempting to protect and secure her rights and the rights of others under the FEHA. Such retaliation was in violation of Government Code §§ 12940, *et seq*. and the public policy embodied therein. Defendant discriminated and retaliated against Plaintiff based upon her disability and retaliated against Plaintiff for engaging in protected activity as outlined herein.

38. At all times herein mentioned, Defendants, and each of them, had actual and/or constructive knowledge of the retaliatory conduct levied against Plaintiff by Defendants, fellow employees, and superiors. Moreover, such retaliation and discriminatory conduct was also conducted and/or condoned by Defendants, and each of them.

39. As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct and failure to act, Plaintiff suffered emotional distress, general damages, losses in earnings, and other employment benefits all to her damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

40. As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

**THIRD CAUSE OF ACTION**

**BY PLAINTIFF AGAINST ALL DEFENDANTS**

FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

IN VIOLATION OF FEHA (CAL. GOV'T C. §§ 12900, *ET SEQ.*)

41. Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

42. At all times mentioned herein, Government Code §§ 12900, *et seq.*, was in full force and effect and was fully binding upon Defendants. Specifically, section 12940(k) makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination based on an employee's protected class(es) and retaliation based on an employee's protected activity.

43. Plaintiff was subjected to discrimination and retaliation in the workplace, and Defendants, having knowledge of same, failed to take all reasonable steps to prevent the discrimination and retaliation by subjecting Plaintiff to adverse employment actions, including but not limited to failing to properly investigate Plaintiff's report(s) of misconduct, subjecting Plaintiff to unwarranted negative performance reviews, and terminating Plaintiff, amongst other potential adverse actions.

44. As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct and failure to act, Plaintiff suffered emotional distress, general damages, losses in earnings, and other employment benefits all to her damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

45. As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST ALL DEFENDANTS**

FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA (CAL. GOV'T C. § 12940(m))

46. Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

47. At all times herein mentioned, Government Code § 12940(m) was in full force and effect and was binding upon Defendants.

48. At all times herein mentioned, Plaintiff was in the protected class of persons based on her disability and/or perceived disability. Defendants knew of Plaintiff's disabling physical condition and failed to provide Plaintiff with a reasonable accommodation for her disability. Instead, Defendant discriminated and retaliated against Plaintiff based upon her disability and protected activity and subjected her to one or more adverse actions based thereon.

49. As a direct, foreseeable, and proximate result of Defendants' discriminatory conduct and failure to act, Plaintiff suffered emotional distress, general damages, losses in earnings, and other employment benefits all to her damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

50. As a further legal result of the above-described conduct of Defendants, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

**FIFTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST ALL DEFENDANTS**

RETALIATION IN VIOLATION OF THE CFRA (CAL. GOV'T C. §§ 12945.2, *ET SEQ*.)

51. Plaintiff re-alleges and incorporates by reference each allegation contained above as though fully set forth herein again.

///

///

52. At all times relevant hereto, Government Code §§ 12945.2, *et seq.* was in full force and effect and was binding upon Defendants, and each of them. Specifically, Government Code § 12945.2, also known as the CFRA, provides that, "[i]t shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of ... an individual's exercise of the right to family care and medical leave ... ," including for taking such leave because of an employee's own serious health condition. (Gov't C. § 12945.2(k), (a)-(b).)

53. Defendant is and was a qualified employer under the CFRA. At all times relevant hereto, Plaintiff was an employee eligible for CFRA leave to care for and treat her own serious health condition. Plaintiff timely and properly requested CFRA leave to care for and treat her own qualifying serious health condition.

54. Defendants violated the CFRA by, *inter alia*, discriminating against, retaliating against, and substantially changing the terms and conditions of Plaintiff's employment because she requested and/or took CFRA leave.

55. As a direct, foreseeable, and proximate result of Defendants' discriminatory/retaliatory conduct and failure to act, Plaintiff suffered emotional distress, general damages, losses in earnings, and other employment benefits all to her damage in an amount in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

56. As a further legal result of the above-described conduct of Defendants, and each of them, Plaintiff has and will continue to incur attorneys' fees and costs in an amount according to proof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against all Defendants, and each of them, on all Causes of Action for:

1. General/non-economic damages, in a sum to be ascertained according to proof;
2. Loss of wages, income, earnings, earning capacity, benefits, and other economic damages in a sum to be ascertained according to proof;
3. Other actual, consequential, special, and/or incidental damages in a sum to be ascertained according to proof;
4. Attorney fees and costs of suit pursuant to statute;
5. Costs of suit herein incurred;
6. Pre-judgment interest; and
7. For such other and further relief as this Court may deem just and proper.

Dated: December 10, 2025

KENT | PINCIN, LLP

By: ______________________________

Michael J. Kent
Emily R. Pincin
*Attorneys for Plaintiff*
LATANYA PLUMMER

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Dated: December 10, 2025

KENT | PINCIN, LLP

By: ______________________________

Michael J. Kent
Emily R. Pincin
*Attorneys for Plaintiff*
LATANYA PLUMMER